# Birmingham Ry. L. & P. Co. *v.* Drennen.

## *Death Action.*

(Decided December 17, 1914.   67 South. 386.)

1. *Street Railroads; Personal Injury; Negligence; Evidence.*—Under the evidence in this case, it was for the jury to determine whether defendant was guilty of simple negligence, also whether defendant was guilty of wanton negligence.

2. *Negligence; Wanton.*—Mere error of judgment or mistake in acting, or omitting to act under duty is not alone sufficient to warrant a finding that the act or omission charged is a wanton or wilful wrong.

3. *Stret Railways; Personal Injury; Instructions.*—A charge asserting that the distance within which an electric car could be stopped was a subject of expert testimony alone, and that the jury could not look to any other testimony, was invasive of the jury's province, and denied a consideration by them of the distance in which the car was actually stopped.

4. *Evidence; Expert and Opinion.*—Evidence as to the distance in which a street car was stopped related to a fact and was not opinion evidence within the rule requiring a witness to be qualified.

5. *Charge of Court; Covered by Those Given.*—Where the court instructed that if the motorman was not guilty of any negligence, and deceased jumped from his buggy through fear of a collision, the defendant would not be liable, the refusal of a requested charge that if deceased was killed because he jumped from the buggy through fear of a collision not due to any negligence of the motorman, and that if he had remained in his buggy he would not have been injured, was not error, since it was a substantial duplicate of the charge given.

6. *Same; Applicability to Pleading.*—In the absence of a plea predicated on plaintiff's contributory negligence in jumping from his vehicle, a charge asserting that the fact that deceased jumped from his vehicle in fear of an impending collision, would not prevent a recovery if such act was due to defendant's negligence, did not improperly ignore contributory negligence.

7. *Street Railroads; Operation; Care Required.*—It is the duty of those in charge of a street car to keep a diligent lookout ahead, and to promptly use due care to prevent a collision with a vehicle when danger of such collision appears.

8. *Same; Contributory Negligence.*—A driver of a horse attached to a vehicle is not necessarily guilty of any negligence in driving on, or not preventing his horse from shying on a street car track on grade.

9. *Same; Avoiding Injury.*—Although the driver of a horse attached to a buggy was guilty of contributory negligence in driv-

[Birmingham Ry. L. & P. Co. v. Drennen.]

ing on a track, yet if the motorman saw his peril in time to avoid collision by due care, and the motorman's negligent failure to exercise due care was the proximate cause of the. driver's death, the contributory negligence was no defense.

10. *Witnesses; Examination.*—The question by plaintiff to a witness as to whether witness became aware of any stopping of the street car before it struck decedent's buggy, although leading, was not an abuse of the discretion lodged in the trial court.

APPEAL from Jefferson Circuit Court.

Heard before Hon. C. B. SMITH.

Action by Kate Drennen, as administratrix, against the Birmingham Railway, Light & Power Company, for damages for the death of her husband. Judgment for plaintiff, and defendant appeals. Affirmed.

The first count alleges the negligence as follows: Plaintiff avers that said car ran upon or against said vehicle as aforesaid, and caused said intestate's death as aforesid, by reason and as a proximate consequence of the negligence of defendant.

The second count charges negligence as follows: That defendant's servant or agent in charge or control of the car, acting within the line and scope of his authority as such, being at the time conscious of his conduct, wantonly or intentionally caused the death of plaintiff's intestate, by wantonly or intentionally causing or allowing said car to run upon or against said vehicle at the time and place aforesaid, well knowing that to do so would likely or probably inflict great personal injury or death.

The following charges were refused the defendant: (1) The court charges the jury that there is no evidence in this case that the motorman wantonly or willfully or intentionally injured plaintiff's intestate.

(4) The jury cannot even consider the question of damages in this case until they are first reasonably satisfied by the evidence that the injury was due to the negligence of the motorman.

(5) The court charges the jury that the distance within which an electric car can be stopped is a subject of expert testimony alone, and the jury cannot in this case look to any other character of testimony to determine within what distance a car can be stopped.

(9) If the jury believe from the evidence in the case that Drennen, deceased, voluntarily jumped from the buggy to the ground and was killed solely on account of so doing, and that he jumped because of the fear and fright of a collision between the car and the buggy, and that had he remained in the buggy he would not have been injured, and that his fright and fear were not caused by or due to any negligence or wrong of defendant's motorman, you must find a verdict in favor of defendant.

Charge designated "X" given for defendant is as follows: The court has charged you, at the written request of plaintiff, in substance that, even if Mr. Drennen jumped from the buggy, this fact, if it be a fact, would not prevent plaintiff from recovering a verdict in this case, if the jury are reasonably satisfied from the evidence that either count of the complaint is true. The court further charges you that if the motorman was not guilty of any negligence or wrong, and that Mr. Drennen, the deceased, jumped from the buggy through fear or fright of a collision, and was so injured that he died, you cannot find a verdict for plaintiff.

The following charges were given for plaintiff: (2) Even if Mr. Drennen jumped from the buggy, this fact, if it is a fact, would not prevent plaintiff from recovering a verdict in this case, if the jury are reasonably satisfied from the evidence that either count of the complaint is true.

(3) It is the duty of those in charge of the car to keep a diligent lookout ahead, and to promptly and

diligently use due care to prevent a collision between the car and a vehicle on the street when danger of such collision appeared. A driver of a horse attached to a buggy is not necessarily guilty of any negligence at all in driving on, or not preventing his horse from shying on, a street car track on grade with and part of a public street.

(7) Even if Mr. Drennen pulled his horse on the track, and was guilty of contributory negligence in that regard, yet if the motorman saw the peril in time to avoid the danger by the exercise of due care, and negligently failed after discovering the peril to do what he could in the exercise of due care in the management and control of the car, and that such negligent failure, if there was such, proximately caused the death, then the previous negligence, if any, of Drennen in getting into danger, would be no defense to such subsequent negligence of the motorman, even if the motorman was not guilty of any wantonness, nor of any intentional wrong.

(8) Even if the jury are reasonably satisfied from the evidence that plaintiff's intestate negligently caused the horse and buggy to go on the track in dangerous proximity to the approaching car, yet if the jury are further reasonably satisfied from the evidence that defendant's motorman became aware of the peril, and after becoming aware of the peril negligently failed to do all he could with the means at hand to avert the peril, then the previous negligence of Drennen, if any, would be no answer to such subsequent negligence of the motorman, provided such subsequent negligence, if any, proximately caused the death of Drennen.

The seventeenth assignment of error was as follows: The court erred in overruling appellant's objection to

the following question to the witness Smith, asked by appellee: "I want to know if you became aware, as best you could see, of any checking or stopping at all on the part of the street car up to the time it struck the buggy."

TILLMAN, BRADLEY & MORROW, and CHARLES E. RICE, for appellant.

HARSH, BEDDOW & FITTS, THOMPSON & THOMPSON, and GUY M. THOMPSON, for appellee.

McCLELLAN, J.—This is the second appeal in this cause. 175 Ala. 338, 57 South. 876, Ann. Cas. 1914C, 1037. The importance of the matter to both litigants has emphasized the care employed in the consideration of the subjects of errors urged. The evidence has not only been cautionsly considered with the view to determining the support vel non accorded the material averments of the counts ascribing Drennen's death to simple negligence and to wanton or willful wrong, on the part of servants of the defending carrier, but also with that added degree of concern for a sound conclusion which exhaustive and able discussions in briefs naturally inspire in a reviewing tribunal.

(1, 2) Our opinion is that the issues made by both of the counts 1 and 2 could only, under established doctrine in this jurisdiction, be resolved and the truth pronounced by the jury. There was credible evidence tending to show the presence of Drennen, a traveler in a vehicle in a public street, in a position of peril before an on-coming street car; that the mortorman thereof was looking ahead over the point in which he was, if the car came on, imperiled; that the distance at which the car was when his peril became obvious to one in

the motorman's position was sufficient to allow the car to be stopped, short of impact with the vehicle, by the prompt, orderly, and skillful action of a reasonably competent man in that station and under the circumstances existing; and that Drennen was killed as the immediate result of the impact. There is no positive testimony, usually presented in such cases, to the effect that the car could, under the circumstances, have been stopped, or checked in speed, within a specified distance; but there is testimony to the effect that this car was actually stopped within such space as that if the effort to stop the car had been made at the time Drennen's peril was first observable by the motorman, and he became obliged, by duty, to act to avert injury, the car could have been brought to a stop before impact with Drennen's vehicle. There was testimony positively opposed to the indicated phases of evidence; but this condition only served to institute conflicts that required the submisison of the issues to the jury.

Given findings of fact favorable to the plaintiff upon these elements of the issues, it was, according to repeated decisions here, competent for the jury, under the evidence, to deduce the conclusion that the motorman did not perform his duty in the premises. Whether this breach of duty was of the aggravated character declared on in the second count, or was the result of simple neglect as declared on in the first count, were questions for the jury's consideration. If the jury credited the phases of the testimony tending to establish the conclusions of fact indicated, bases of liability were laid; and it cannot be said that, in determining these issues of fact as this jury did, there was such a departure from the line of rational reasonable deduction from the evidence before the jury, and the resolution of the

issues to a state of pronouncement thereupon, as could be characterized as palpably opposed to the weight of the evidence. Whether the motorman, advised, as phases of the evidence tended to show he was, of Drennen's peril, failed or omitted to perform his duty, under the circumstances, with such conscious indifference to the probable consequences as amounted to a wanton disregard of Drennen's actually known danger and safety, or was the result of purpose, were matters for the jury to determine.—Id., 175 Ala. 338, 347-348, 57 South. 876, Ann. Cas. 1914C, 1037. While mere error of judgment, or mistake in action, or in omission to act under duty, will not, alone, suffice to warrant a finding that the act or omission charged is a wrong of a wanton or willful character, yet, whether that failure or omission to act, within duty, was characterized by a purpose to injure, or an indifference to probable consequences, in the presence of known (to the operative charged) hazard surrounding the party injured, and means and ability are available to avert the injury, the question of the character of the omission or act is for the jury. Such is the established doctrine of this court. It is too late to now enter upon its consideration with a view to its revision. There was no error in refusing the general affirmative charge as to either of the counts, or in overruling the motion for new trial. From these conclusions it also results that the court did not err in refusing to defendant special charges 1 and 4.

(3, 4) Special charge 5, requested for defendant, would have denied consideration by the jury of that feature of the evidence which tended to show the distance in which the car, on this occasion, was actually stopped. The operation of stopping the car, when it was begun—at what distance the car was from the ve-

hicle when the stopping appliances were employed by the motorman—and the distance the car moved thereafter, until it was stopped, were of the res gestae of the event, and served, as stated before, to show, if credited, within what distance the car could have been stopped. This was not opinion evidence, within the rule requiring qualification of a witness who would express an opinion as to the distance in which a car, under like circumstances, could be stopped. If accepted by the jury, the indicated testimony affirmed a fact, not an opinion. The charge invaded the jury's province, and was well refused.

(5) There was doubt raised by the evidence whether Drennen was thrown from the vehicle by the collision, or whether he jumped therefrom because of fear of the impending collision. The latter theory was pressed for defendant, in connection with the evidence that the car's impact with the vehicle was slight and itself wrought little damage to the vehicle. The defendant requested, and the court refused, charge 9, which will be set out in the report of the appeal. It was substantially covered, even without undue favor to defendant, by charge (we designate) X. Transcript, page 9. This charge will accompany 9 in the report of the appeal. The refusal of charge 9 was without prejudice to defendant.

(6) Charge 2 was not erroneously given for plaintiff. The effect of the charge was to advise the jury that Drennen's jumping from the vehicle would not prevent a recovery, if that act of his resulted from the negligent or wrongful conduct declared on in the complaint. There is no plea predicating contributory negligence of Drennen's asserted action in jumping from the vehicle. Hence the charge was not subject to criticism, made in brief, that it improperly denied effect to a pleaded issue.

(7, 8) There was no fault in charges 3 and 5, given for plaintiff.

(9) Charges 7 and 8 given for plaintiff were accurate and applicable statements of established doctrine; the former was specifically approved on previous appeal. The doctrine they applied to the case at bar is now too deeply grounded in our jurisprudence to admit of its reconsideration with a view to change. Its soundness is and must be finally accepted.

(10) The question set out in the seventeenth assignment of error doubtless evinced a strong case of pressure in the examination of a witness, but such matters are committed to the sound discretion of the trial court. That discretion does not appear to have been abused in this instance. The substance of the inquiry made of the witness bore immediately upon the issues under investigation. There is no merit in the assignment.

There is no error in the record. The judgment is therefore affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.